BARRETT *v.* IRISH INDUSTRIAL DEVELOPMENT ASSOCIATION.

TRADEMARKS; SIMILARITY.

A mark which, but for its omission of the words, "Made in Ireland," would be identical with a mark previously adopted and registered abroad by a foreign dealer, and used by his licensees in this country, will not be registered on the application of a domestic dealer in articles of his own make, who adopted it as a mark for his goods for purpose of deception.

No. 857. Patent Appeals. Submitted November 11, 1913. Decided December 1, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents refusing an application for the registration of a trademark.                                        *Affirmed.*

The COURT in the opinion stated the facts as follows:

Dennis D. Barrett's original application for registration of a trademark was accompanied with a label.  The figure represented thereon is an ancient Gaelic symbol showing an outer and an inner circle surrounding a scroll-work design.  Between the outer and inner circles is a space containing certain Gaelic characters, which, translated into English, read "Made in Ireland."  Upon objection of the Examiner of Trademarks, the Gaelic characters were abandoned by amendment.

The application having been passed for publication, an opposition was filed by the Irish Industrial Association of Cork, Ireland.  One of the objects of the association is to develop trade in Irish-made goods.  Having registered its trademark, which is identical with the first trademark claimed by Barrett, in Great Britain, its licensees are permitted to affix the mark to goods of various kinds, including clothing materials, clothing, shirts, collars, underwear, etc.  Such articles, so marked, have been sold in the United States since 1908.  It is claimed that the mark, amended by omitting the legend, "Made in Ireland," is nevertheless so nearly like opposer's mark that confusion in trade will result.  The purpose of the Irish trademark is chiefly to convey the information to the public that the goods are of Irish manufacture, and it is shown that it is so understood, widely, in the United States.  The Commissioner sustained the opposition.  His conclusions are that the marks so closely resemble each other as to be likely to cause confusion in trade; that the opposer was entitled to use the mark, and had used it on goods of a similar description sold in the United States prior to Barrett's use; and that Barrett had used, and intended to use, the mark on goods manufactured in the United States, for the purpose of deceiving the public.

*Mr. David A. Gourick* and *Mr. Samuel S. Gobin* for the appellant.

*Mr. William M. Stockbridge* and *Mr. A. V. Cushman* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The decisions below discuss each proposition fully, and it is only necessary to state our own conclusions briefly. We agree with the Commissioner that the resemblance of the two marks is so close that their use by different persons would be likely to cause confusion and deceive purchasers. Passing by the question whether the opposer, as licensor of the use of the trademark, has a right to its use by its licensees that sustains a claim of damages that may accrue to it from its use by Barrett, we agree with the Commissioner that Barrett's adoption of the mark as a trademark for his goods was for the purpose of deception. The evidence shows beyond question that he knew that the mark was a token that the goods upon which it is displayed are manufactured in Ireland. He was not engaged in business as an importer of Irish goods; nor was he engaged in manufacturing articles of wear from Irish-made goods. He had a small shop in which he sold articles of wearing apparel of his own make. To permit him to register the mark would enable him to deceive purchasers, and confer a prima facie right that would be of great advantage in preventing the sale by others of imported Irish goods bearing the mark. Moreover, by compliance with the terms of sec. 27 of the trademark act, he would be able to prevent the admission into the customhouses of the United States of imported Irish goods bearing the mark of the Irish Industrial Development Association, signifying Irish manufacture.

Without regard to the rights of the opposer, the Commissioner was justified in refusing Barrett's registration. The decision is affirmed, and it is ordered that this decision be certified to the Commissioner of Patents.                    *Affirmed.*